IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUMIO HX, INC., a Delaware company,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL ZANOLINI, an individual<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br>Case No. 2:23-CV-00463-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Rafael Zanolini's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue. For the reasons discussed below, the Court concludes that remand is required by the forum selection clause in the parties' agreement.

I. BACKGROUND

Plaintiff Lumio, Inc. initially filed this action in the Fourth Judicial Court in and for Utah County, State of Utah, on June 9, 2023. This case involves breach of contract, misappropriation of trade secrets, tortious interference, and unjust enrichment claims in connection with an alleged violation of a confidentiality and non-solicitation agreement between the parties. Plaintiff is a residential solar company with its principal place of business in Lehi, Utah that employs direct sellers. Defendant was employed as a direct seller for Plaintiff between September 12, 2022, and May 28, 2023.[1]

---

[1] Docket No. 1-2, ¶¶ 3, 17.

1

On July 17, 2023, Defendant filed a Notice of Removal, removing the case to federal court based on diversity jurisdiction. Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(2), arguing that (1) Defendant is not subject to general or specific jurisdiction in this state; and (2) if the action is not dismissed outright, the Court should transfer venue under 28 U.S. C. § 1404(a) to the United States District Court for the Middle District of Florida, Orlando Division.[2]

On August 24, 2023, the Court ordered the parties to file supplemental briefs addressing whether the forum selection clause in the parties' agreement requires remand.[3] The forum selection clause provides that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Utah. With respect to any claim or action arising under this Agreement each party to the Agreement hereby . . . irrevocably submits to the exclusive jurisdiction of the Courts of the State of Utah . . . ."[4]

## II. DISCUSSION

Plaintiff argues that remand to the state court is required by the forum selection clause.[5] Whereas, Defendant argues that Plaintiff waived the right to remand because it failed to timely file a motion to remand, and this defect in the removal process does not bear on the Court's subject matter jurisdiction, so it is therefore procedural and waivable.[6]

In *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*[7], the Tenth Circuit considered the enforceability of a forum selection clause like the clause in the parties' agreement

---

[2] Docket No. 5, at 2.
[3] Docket No. 19.
[4] Docket No. 22-1, at ¶ 17.
[5] Docket No. 22, at 2.
[6] Docket No. 23, at 2–3.
[7] 428 F.3d 921 (10th Cir. 2005).

here.[8] The forum selection clause at issue there required the parties to "submit to the jurisdiction of the Courts of the State of Colorado."[9] The Tenth Circuit, citing similar decisions from other courts,[10] affirmed the district court's remand, finding that "the federal court located in Colorado [was] not *of* the *State* of Colorado but rather a court *of* the *United States of America*. In other words, the contract language at issue refers to sovereignty rather than geography."[11]

The parties' agreement here states that any claims arising under it will be subject to the "exclusive jurisdiction of the Courts of the State of Utah."[12] This forum selection clause refers only to the courts *of* the State of Utah, and the federal court in Utah is not of the State of Utah, but rather is a court of the United States of America.

Defendant argues that Plaintiff has waived its ability to remand by not filing a motion within 30 days of removal. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." However, a motion to remand based upon a forum selection clause is not subject to the 30-day time limit provided in 28 U.S.C. § 1447(c) because a forum selection clause is not a defect as defined by § 1447(c).[13] Thus,

---

[8] *Id.* at 925.

[9] *Id.* at 924.

[10] *See Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (holding that "[f]ederal district courts may be *in* Texas, but they are not *of* Texas."); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984) ("The phrase 'courts *of* Massachusetts' could mean all the courts physically within the state or only those courts that trace their origin to the state, *i.e.,* the Massachusetts state courts. We think . . . that the latter meaning is more likely to have been intended by the parties.") (internal citation omitted).

[11] *Am. Soda*, 428 F.3d at 926.

[12] Docket No. 22-1, ¶ 17.

[13] *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017) (holding that a forum selection clause falls outside "any defect" grounds for remand under § 1447(c)); *see also Roche Constructors, Inc. v. One Beacon Am. Ins. Co.*, No. 11-cv-01903-PAB-CBS, 2012 WL 1060000 at *3, (D. Colo. Mar. 28, 2012) ("All courts of appeal that have

3

Plaintiff was not required to seek remand within 30 days, and its failure to do so does not prevent the Court from remanding sua sponte.

Because the forum selection clause in the parties' agreement mirrors that in *American Soda*, and Defendant has failed to clearly demonstrate "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching,"[14] the Court must remand this action to state court and declines to address the Motion to Dismiss.

### III. CONCLUSION

It is therefore

ORDERED that this action be remanded to state court.

The Clerk of the Court is directed to transmit this matter to the Fourth Judicial District Court in and for Utah County, State of Utah, and close this case forthwith.

DATED this 20th day of November, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

addressed this issue have concluded that a forum selection clause is not subject to the thirty-day requirement.").

[14] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).